IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:22-cr-159-LG-RPM-1

**MONTEZ CAMPBELL**

### ORDER DENYING MOTION TO SUPPRESS

**BEFORE THE COURT** is the [53] Motion to Suppress filed by Defendant, Montez Campbell. In the Motion, Defendant argues that the Government produced "thousands of t[e]xt and picture messages" from Defendant's cell phone "[o]ne [w]eek before trial," which he argues is late disclosed evidence that should be excluded in its entirety. (*See* Mot. Suppress ECF No. 53).

In response, the Government argues that, although it had obtained the evidence in November 2022, "the phone remained in the custody of the Biloxi Police Department," and it never attempted to access the phone because "because (1) Campbell had not consented to a search of the phone and (2) the Government had not obtained a warrant." (Govt.'s Resp. Def.'s Mot. Suppress, at 1, ECF No. 55). In August 2023, due to an intervening development in the applicable law, *see United States v. Daniels*, --- F. 4th ---, 2023 WL 5091317 (5th Cir. Aug. 9, 2023), the Government obtained a warrant, accessed the phone, and loaded its internal data onto a flash drive for disclosure to defense counsel, which was retrieved by counsel on August 21, 2023. (*See id.* at 1-2).

Assuming, without deciding, that a discovery violation even occurred, "the 'district court commands broad discretion when deciding whether to impose sanctions.'" *United States v. Michalik*, 5 F.4th 583, 591 (5th Cir. 2021) (quoting *United States v. Swenson*, 894 F.3d 677, 684 (5th Cir. 2018)). "In determining whether to impose sanctions, a district court considers '1) the reasons why disclosure was not made; 2) the amount of prejudice to the opposing party; 3) the feasibility of curing such prejudice with a continuance of the trial; and 4) any other relevant circumstances.'" *Michalik*, 5 F.4th at 591 (quoting *United States v. Garrett*, 238 F.3d 293, 298 (5th Cir. 2000)).

Here, all factors weigh against suppressing the evidence. First, where "[t]he government did not act in bad faith in seeking the . . . late admission" of the cell phone records, "and, where a party did not act with 'an improper motive, it is rare to sanction a party in a method as draconian as suppressing the evidence.'" *Michalik*, 5 F.4th at 591 (quoting *United States v. Ortiz*, 213 F. App'x 312, 315 (5th Cir. 2007) (per curiam)). Here, the Government has provided a legitimate reason for failing to provide the evidence earlier. The Court therefore need not impose the "draconian" measure of suppressing the evidence. As to the second and third factors, Defendant has requested and received a continuance, moving the scheduled jury trial to the Court's four-week criminal trial calendar beginning October 10, 2023. (*See* Unopposed Mot. Continue, ECF No. 61). Hence, Defendant will have ample time to review the evidence, and he thereby suffers little to no prejudice. The Court therefore denies the Motion to Suppress.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [53] Motion to Suppress filed by Defendant, Montez Campbell, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 29th day of August, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE